UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STIFEL, NICOLAUS & CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | 05-2146 |
| | ) | |
| v. | ) | |
| | ) | |
| ELIZABETH B. ALEXANDER and | ) | |
| GARY HOUDEK, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

On June 27, 2005, the plaintiff, Stifel Nicolaus & Co. ("Stifel"), filed a complaint for interpleader against defendants Elizabeth Alexander ("Mrs. Alexander") and Gary Houdek ("Houdek"). Stifel alleges that Houdek represented himself as president of the Denton E. Alexander and Elizabeth B. Alexander Foundation ("the Foundation"). Houdek then opened a Stifel investment account on behalf of the Foundation and deposited into the account several checks that had been made payable to the Foundation. At Houdek's direction, Stifel invested some or all of the proceeds in certain stocks.

In May 2005, an attorney for Mrs. Alexander informed Stifel that (1) the account was funded with proceeds from the sale of AlexGen, Ltd., a company owned by Mrs. Alexander and her late husband ("Mr. Alexander"), (2) Houdek had no authority to transfer these funds into the account, and (3) the Foundation for which Houdek purported to act did not exist. The attorney informed Stifel that the account might be subject to future litigation.

Stifel then contacted Houdek to ascertain his authority to act on behalf of the Foundation, and in response it received a copy of Mr. Alexander's will. The will directs the creation of a charitable foundation from the remainder of the marital estate upon the death of Mrs. Alexander. Shortly after it received a copy of the will, Stifel received a request by Houdek to transfer the account assets to another broker-dealer. The equity positions in the account were liquidated and the funds frozen pending resolution of this action.

Mrs. Alexander has filed an answer to the complaint. On June 30, 2005, Houdek signed a waiver of service of summons (see docket entry #4), but he has not appeared in this case.[1]

---

[1] Houdek failed to file a responsive pleading within sixty days after signing the waiver, and now risks entry of judgment against him by default.

There are two motions pending.  Mrs. Alexander has filed a motion to join necessary parties [#8], and Stifel has filed a motion for summary judgment [#10].

## I.

Mrs. Alexander seeks to join AlexGen, Ltd. ("AlexGen") and the Alexander Foundation ("the Alexander Foundation").  She states she cannot obtain complete relief if these two entities are not joined in the litigation.  Stifel does not oppose the motion (see docket entry #12).

Federal Rule of Civil Procedure 19 "permit[s] joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources." *Davis Companies v. Emerald Casino, Inc.*, 268 F.3d 477, 481 (7th Cir. 2001) (*quoting Moore v. Ashland Oil, Inc.*, 901 F.2d 1445, 1447 (7th Cir.1990)). Under Rule 19(a), the court must determine "(1) whether complete relief can be accorded without joinder, (2) whether [a party's] ability to protect [its] interest will be impaired, and (3) whether the existing parties will be subjected to a substantial risk of multiple or inconsistent obligations unless [the new party] is joined." *See Davis*, 268 F.3d at 481 (*quoting Thomas v. United States*, 189 F.3d 662, 667 (7th Cir. 1999)).

Mrs. Alexander states that the Foundation is a nonexistent entity.  She further states that Houdek transferred into the Stifel account funds belonging to AlexGen.  Mrs. Alexander adds that the 100% shareholder of AlexGen is the Alexander Foundation, an entirely different foundation than the one for which the Stifel account was created.  AlexGen and the Alexander Foundation must be joined in this action, Mrs. Alexander argues, because those entities have a direct and substantial interest in this controversy.

This court agrees with Mrs. Alexander that AlexGen and the Alexander Foundation should be joined in this action.  Without their participation, complete relief cannot be accorded, the named parties may be unable to protect their interest, and Stifel and/or one or more of the defendants could be subjected to multiple or inconsistent obligations.  Therefore, the motion to join necessary parties [#8] is granted.

## II.

Stifel has filed a motion for summary judgment.  Stifel states that it has deposited into the district court's account the sum of $113,595.65, representing all funds in the disputed account; therefore, Stifel seeks dismissal from this action.  Stifel further states that it is an innocent party in this proceeding and as such it is entitled to an award of $2,500.00 in attorney fees, citing *Johnson v. Electrolux Corp.* 763 F. Supp. 1181 (D. Conn. 1991); *Life Ins. Co. of North Am v. Neva*, 667 F. Supp. 279 (M.D. La. 1987) and *Beyers v. Sheets*, 643 F. Supp. 695 (W.D. Mo. 1986).

It is true that "courts usually make such an award to a disinterested stakeholder who concedes liability in full, deposits the disputed funds with the court, and seeks discharge from

the litigation." 4 James Wm. Moore et al., *Moore's Federal Practice* § 22.06 (3d ed.). However, such an award is within the court's discretion. *Moore's Federal Practice* § 22.06. Mrs. Alexander opposes the motion, arguing that Stifel is not an innocent party because it opened the investment account without proper documentation. She further suggests that the newly joined parties may have claims against Stifel. Consequently, she argues, the motion for summary judgment is premature.

The court agrees with Mrs. Alexander; Stifel's motion is premature. The newly joined parties should have an opportunity to weigh in on the issue. Therefore, the court denies the motion with leave to refile the motion once the newly joined parties have been served and entered an appearance in this case.

## CONCLUSION

The motion to join necessary parties [#8] is granted. Mrs. Alexander is ordered to provide Stifel with the address of the newly joined parties within ten days of the date of this order. Stifel shall thereafter promptly effect service of process on AlexGen and the Alexander Foundation. The motion for summary judgment [#10] is denied, with leave to refile once the newly joined parties have been served and entered an appearance. A status conference is scheduled for Thursday, January 19, 2006 at 9:45 a.m. by telephone conference call. The court will initiate the call. The clerk is directed to send a copy of this order to Gary Houdek, 7111 Williams Creek Drive, Indianapolis, IN 46240, and Houdek is directed to contact the clerk of this court with a telephone number at which he can be reached on January 19, 2006 at 9:45 a.m. Houdek's failure to provide the clerk with a telephone number or appear for the hearing may result in an entry of default against him.

Entered this 22nd day of December, 2005.

**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE